UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ISSAC DECRAIS HARRIS, #447304,

   Petitioner,         Case No. 2:08-cv-198

v.                Honorable R. Allan Edgar

GREG MCQUIGGIN,

   Respondent.
_____/

**ORDER APPROVING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On June 3, 2011, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Petitioner Issac Decrais Harris's petition for writ of habeas corpus be denied. Doc. No. 44. After being granted an extension of time, Harris filed an objection to the R&R on July 25, 2011. Doc. No. 49.

This Court is required to make a *de novo* determination of those specific portions of the R&R to which objections have been filed, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The majority of Harris's objections focus on his efforts to include new evidence that Magistrate Judge Greeley was not able to consider. Specifically, Harris asks the Court to consider the affidavit of Melissa Moore, the affidavits of two other alibi witnesses, a letter from the Lenawee County Clerk, and copies of subpoenas that do not carry an indication

of having been actually served. *See* Doc. No. 49, pp. 5-6. At the end of his objections, Harris notes several other documents that he has attached as "new evidence." Doc. No. 49, pp. 31-32. As the Sixth Circuit has explained,

> Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.

*Murr v. United States*, 200 F.3d 895, 901 n.1 (6th Cir. 2000), *citing, inter alia*, *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998); *cf. Coleman v. Dahlstrom*, 2006 WL 644477, *1 (W.D. Mich. Mar. 9, 2006) (Edgar, J.) ("It is inappropriate to offer new evidence at the time objections are filed and to argue that the Magistrate Judge erred in his recommendation."). The Court will therefore not consider this new evidence, or Harris's arguments based on this new evidence, in its review of Harris's objections.

After performing a *de novo* review of those portions of the R&R to which the remaining objections have been made, the Court finds the objections to be without merit. Harris objects to Magistrate Judge Greeley's finding that Harris's ineffective assistance of counsel claim was without merit. Specifically, Harris argues that his attorney was ineffective for failing to object to the identification testimony of the witness who identified him because the setting of the preliminary examination, where the identification took place, was inherently suggestive. Doc. No. 49, pp. 24, 28. Harris points to the fact that he was wearing a jumpsuit at the time of the identification, and to the fact that he was the only black person in the courtroom at the time. *Id.* at p. 24. The Court finds that Harris's objection lacks merit, as this evidence is insufficient to overcome the presumption that trial counsel's performance constituted sound trial strategy.

Harris's remaining objections merely reassert the allegations set forth in Harris's petition. The Court agrees with Magistrate Judge Greeley's findings with regard to each of Harris's claims.

The Court also agrees with Magistrate Judge Greeley that reasonable jurists could not find that a dismissal of each of Harris's claims was debatable or wrong. Therefore, Harris is denied a certificate of appealability.

For the reasons stated above, it is ordered that Harris's objections to the R&R [Doc. No. 49] are OVERRULED. It is further ordered that Magistrate Judge Greeley's June 3, 2011 R&R [Doc. No. 44] is APPROVED and ADOPTED as the opinion of the Court. Harris's petition shall be DISMISSED WITH PREJUDICE.

A judgment consistent with this Order will be entered.


Dated:  9/30/2011              /s/ R. Allan Edgar
                               R. Allan Edgar
                               United States District Judge